UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOBBY HENRY HOLT,

       Petitioner,

v.                        Case No: 2:11-CV-645-FTM-29DNF
                                    2:08-CR-38-FTM-29DNF
                                    2:08-CR-138-FTM-29SPC

UNITED STATES OF AMERICA,

       Respondent.

_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1)[1] and a supporting Memorandum of Law (Cv. Doc. #2) filed by counsel on November 4, 2011.  The government filed a Response in Opposition to Motion (Cv. Doc. #8) on January 6, 2012.

**I.**

    Petitioner Bobby Henry Holt (petitioner or Holt) was indicted in two separate cases.  On March 26, 2008, a federal grand jury in Fort Myers, Florida returned a three-count Indictment in Case No.

_____

[1] The Court will make references to the dockets in the instant action and in the related criminal cases throughout this opinion.  The Court will refer to the docket of the civil habeas case as "Cv. Doc." Followed by the document number, and will refer to the dockets of the underlying criminal cases as "Cr. Doc. 38" and "Cr. Doc. 138" followed by the document number.

2:08-cr-38-FTM-29DNF charging petitioner with (1) possession of visual depictions involving the use of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. Sections 2252(a)(4)(B) and (b)(2) (Count One); (2) production of visual depictions involving the use of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. Sections 2251(a) and (e) (Count Two); and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2) (Count Three).  On September 10, 2008, a federal grand jury in Fort Myers, Florida returned a two-count Indictment in Case No. 2:08-cr-138-FTM-29SPC charging petitioner with: (1) conspiracy to tamper with a witness, in violation of 18 U.S.C. Sections 1512(b)(3) and (k) (Count One); and (2) tampering with a witness, in violation of 18 U.S.C. Section 1512(b)(3) (Count Two).  On December 29, 2008, the Court consolidated the two pending cases. (Cr. Doc. 38 #79; Cr. Doc. 138 #48.)  A jury returned a guilty verdict on all counts on March 3, 2009. (Cr. Doc. 38 #114; Cr. Doc. 138 #65.)

On June 8, 2009, the Court sentenced petitioner in Case No. 2:08-cr-38-FTM-29DNF to a term of 120 months imprisonment as to Count One, 360 months as to Count Two, and 120 months as to Count Three, all to be served concurrently with each other and with the term of imprisonment in Case No. 2:08-cr-138-FTM-29SPC. (Cr. Doc. 38 #119.) The Court sentenced petitioner in Case No. 2:08-cr-138-FTM-29SPC to a term of imprisonment of 240 months as to Count One and 240 months

as to Count Two, both sentences to be served concurrently with each other and with the term of imprisonment in Case No. 2:08-cr-38-FTM-29DNF. (Cr. Doc. 138 #72.)  In both cases, judgments (Cr. Doc. 38 #120; Cr. Doc. 138 #73) were filed on June 12, 2009.

Petitioner appealed his convictions and sentences, (Cr. Doc. 38 #122; Cr. Doc. 138 #74.)  On November 5, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed petitioner's convictions and sentences in an unpublished opinion.  United States v. Holt, 408 F. App'x 229, 241 (11th Cir. 2010).  Petitioner filed a *pro se* petition for writ of certiorari with the United States Supreme Court on May 13, 2011. (Cv. Doc. #1 at 8.)  The petition was returned by the Clerk of the Supreme Court because petitioner failed to file a corrected petition. (Cv. Doc. #1 at 8.)

Petitioner now seeks an order vacating the convictions and sentences or, at a minimum, an evidentiary hearing on the issues. (Cv. Doc. #1 at 9.)  Petitioner asserts that (1) he received ineffective assistance of counsel because the trial attorney (a) failed to interview and call exculpatory witnesses, (b) failed to argue the legal sufficiency of the witness tampering conspiracy count and (c) failed to object to the procedural and substantive unreasonableness of the sentence; and (2) the sentences violate his Eighth Amendment right against cruel and unusual punishment.  (Cv. Doc. #1 at 1, 9.)

II.

**A. Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted). However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous . . . ." Id. at 715; see also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel, and that his Eighth Amendment claim is procedurally barred and/or without merit. Therefore, the Court finds that an evidentiary hearing is not warranted.

**B. Ineffective Assistance of Counsel**

**(1) General Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must

demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, cause the result of the proceeding would have been different.  Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014) (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010); Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances.   Id. at 1088.   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).   This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   Strickland, 466 U.S. at 689-90.   To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).   Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1089. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

### (2)   Ground One: Failure to Investigate and Call Exculpatory Witnesses

Petitioner alleges that trial counsel provided ineffective assistance by failing to conduct an adequate pre-trial investigation of potential exculpatory witnesses and failing to call Jennie Henderson, Brian Hernandez, and Manny Vasil as witnesses at trial. (Cv. Doc. #1 at 4-5; Cv. Doc. #2 at 3-8.)  Petitioner contends that Jennie Henderson could have testified that she had previously found MV [Minor Victim] having consensual sexual intercourse with Jim Henderson, as well as naked pictures of MV which had not been taken by petitioner (Cv. Doc. #1 at 4-5; Cv. Doc. #2 at 5-6); that Brian Hernandez, who was dating MV at the time, could have testified about his sexual relationship with MV as well as having taken pictures of MV with her top off (Cv. Doc. #1 at 5; Cv. Doc. #2 at 6); and that

Manny Vasil, a federal investigator who interviewed MV, could have testified that MV's mother broke into petitioner's house and stole $22,000 of petitioner's personal property. (Cv. Doc. #1 at 5; Cv. Doc. #2 at 6.)  Petitioner also suggests that "various individuals" could testify that MV's mother bragged that she framed petitioner and got him locked up in order to steal his property. (Cv. Doc. #1 at 5; Cv. Doc. #2 at 6.)

While failure to investigate can certainly be a basis for an ineffective assistance of counsel claim, "it is well-settled in this Circuit that a petitioner cannot establish an ineffective assistance claim simply by pointing to additional evidence that could have been presented." Hall v. Thomas, 611 F.3d at 1293 (quoting Rhode v. Hall, 582 F.3d 1273, 1284 (11th Cir. 2009)).  Counsel is only required to make a reasonable investigation, which will vary with the facts of any given case.  "Counsel is not required to present cumulative evidence or evidence incompatible with the defense strategy." Id. at 1293.  Petitioner has shown neither deficient performance nor prejudice as to this ground.

Defense counsel attempted to cross-examine MV about her sexual relationship with Brian Hernandez, (Cr. Doc. 38 #133 at 408), and about sexual content on her MySpace page. (Cr. Doc. 38 #133 at 401-02.)  The Court explicitly excluded all evidence of MV's sexual history under Fed. R. Evid. 412. (Cr. Doc. 38 #133 at 356, 376, 401-02, 410.)  Consequently, neither Jennie Henderson nor Hernandez could

have testified about MV's relationships with Jim Henderson or Hernandez, respectively.  Defense counsel is not ineffective in not attempting to call witnesses on a subject which has been found to be inadmissible.

Furthermore, defense counsel questioned both Christina Suero and Jacqueline Nicks about the mother's alleged theft and incriminating statements. (Cr. Doc. 38 #133 at 435, 623-24.)  Third party testimony that the mother bragged she had framed the petitioner would also be excluded as hearsay and/or collateral impeachment. Fed. R. Evid. 608.  Furthermore, Vasil appears to have learned of the mother's theft of petitioner's property while interviewing MV during his investigation, and such testimony would have been inadmissible hearsay.  See Fed. R. Evid. 801-07.  Since Henderson, Hernandez and Vasil's testimony would have been inadmissible or cumulative, petitioner cannot establish ineffective assistance of counsel.  Consequently, his first claim of ineffective assistance is without merit.

### (3)   Failure to Argue the Legal Sufficiency of the Indictment

Petitioner asserts that counsel provided ineffective assistance by failing to put forth an argument that the conspiracy to tamper with witnesses in violation of 18 U.S.C. Sections 371 and

1512(k) count failed to state an offense because it did not set forth an overt act.[2]  (Doc. #2 at 8-12.)  The Court finds otherwise.

Count One of that Indictment charged conspiracy under both Sections 371 and 1512(k), and failed to allege an overt act, as required by the general conspiracy statute, 18 U.S.C. Section 371. During trial, the Court raised the issue *sua sponte* (Cr. Doc. 38 #133 at 344-45.)  After hearing arguments, the Court ruled that an overt act is not an element of the witness tampering conspiracy statute, 18 U.S.C. Section 1512(k), and struck the reference to Section 371 as mere surplus language. (Cr. Doc. 38 #133 at 587-88, 612.)

The Supreme Court has "consistently held that the common law understanding of conspiracy 'does not make the doing of any act other than the act of conspiring a condition of liability.'" Whitfield v. United States, 543 U.S. 209, 213-14 (2005) (quoting Nash v. United States, 229 U.S. 373, 378 (1913)).  Federal conspiracy statutes which do "not expressly make the commission of an overt act an element of the conspiracy offense," do not require proof of "an overt act to obtain a conviction." Whitfield, 543 U.S. at 214 (no overt act

---

[2] The Government maintains that the underlying issue here has already been litigated on appeal. (Cv. Doc. #8 at 7.)  The Court disagrees. The Eleventh Circuit expressly declined to resolve the issue on the merits, stating that "[t]o the extent Holt challenges the sufficiency of the indictment, he has waived that argument because he never argued, either to the district court or on appeal, that the indictment failed to invoke the court's jurisdiction or state an offense." Further, the Eleventh Circuit did not resolve any ineffective assistance of counsel issue in connection with failing to argue the sufficiency of Count One.

required for money laundering conspiracy statute); see also Salinas v. United States, 522 U.S. 52, 63 (1997) (no overt act required under RICO Act); United States v. Shabani, 513 U.S. 10, 17 (1994) (no overt act required for drug conspiracy statute); Singer v. United States, 323 U.S. 338, 340 (1945) (no overt act required for conspiracy under the Selective Service Act); Nash, 229 U.S. at 378 (no overt act required for conspiracy under the Sherman Antitrust Act).

Title 18 U.S.C. Section 1512(k) states: "[w]hoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."  The statute plainly fails to make the commission of an overt act an element of conspiracy to commit any of the offenses under 18 U.S.C. Section 1512.[3]  Trial counsel is not required to assert a meritless claim. See Winfield, 960 F.2d at 974; Ladd, 864 F.2d at 109-10.  Petitioner's underlying claim that Count One of the Indictment was defective is without merit, and trial counsel did not provide ineffective assistance by failing to argue the issue.

Additionally, petitioner suffered no prejudice from his conviction on this count, since the sentence on that count was

---

[3] Cf. 18 U.S.C. § 371 (2012) ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons *do any act to effect the object of the conspiracy*, each shall be fined under this title or imprisoned not more than five years, or both." (emphasis added)).

concurrent with all the other sentences and there are no adverse collateral consequences which arise from the conspiracy conviction alone. (Cr. Doc. 38 #120; Cr. Doc. 138 #73.)

**(4)  Failure to Object to the Guidelines as Ridiculous**

Petitioner asserts that his right to effective assistance of counsel was denied when "counsel failed to object to the Court's failure to take into consideration the Section 3553(a) factors at sentencing regarding the ridiculousness of the Guidelines concerning child pornography offenses." (Cv. Doc. #1 at 9; Cv. Doc. #2 at 12-22.) Petitioner asserts that trial counsel failed to put forth sufficient arguments for a departure from the Sentencing Guidelines and take into consideration the Section 3553(a) factors based on the "ridiculous nature of the Guidelines regarding child pornography cases." (Cv. Doc. #2 at 14.) The failure to make such arguments rendered counsel constitutionally ineffective and resulted in an improper sentence. (Cv. Doc. #2 at 21.)

The record reflects that defense counsel submitted written objections to the presentence report challenging the reasonableness of the recommended guideline range in light of the Section 3553(a) factors. (Cr. Doc. 38 #135 at 28.) During the sentencing hearing, counsel renewed his objections, demanded full consideration of the Section 3553(a) factors, and attacked the guidelines range as unreasonable. (Cr. Doc. 38 #135 at 28-31.) More specifically, he argued that "strict adherence to the guideline calculation that was

prepared by the probation office is more stringent than might otherwise be appropriate in a case such as this." (Cr. Doc. 38 # 135 at 30.)  Later, counsel stated:

> Your Honor, I don't think that 360 months is appropriate in this case.  Under 3553, the Court is supposed to address various things, the nature and circumstances of the offense, but the real thrust of 3553 is that it's supposed to be a sentence that is enough . . . Now, the Court can say that it believes that 360 months to life is an appropriate sentence.  I do not – I do think it's greater than necessary under that section to achieve the purposes of the sentencing, and that the Court, by imposing a lesser sentence, could satisfy the need for punishing the defendant for the offenses that he was convicted of without . . . I think it's overkill.

(Cr. Doc. 38 #135 at 66-67.)  The Court explicitly acknowledged that it was "required to impose a sentence that is sufficient, but not greater than necessary, after considering all the factors in 18 U.S.C. Section 3553." (Cr. Doc. 38 #135 at 80.)  Although the Court rejected counsel's argument, (Cr. Doc. 38 #135 at 81-86), the record reflects that the Court heard, understood and thoroughly considered it.  See Holt, 408 F. App'x at 241.  There was no deficient performance by counsel.

Additionally, counsel adequately preserved the procedural and substantive issues for appeal.  "[S]o long as a party states its objection to the sentence at some point during the sentencing hearing, its failure to repeat the objection at the conclusion of the imposition of sentence will not result in a waiver of that objection."  United States v. Hoffer, 129 F.3d 1196, 1202 (11th Cir.

1997) (citing United States v. Weir, 51 F.3d 1031, 1033 (11th Cir. 1995)); see also United States v. Aenlle, 327 F. App'x 152, 155 (11th Cir. 2009) (per curiam).  Indeed, on appeal, the Eleventh Circuit actually acknowledged that the sentencing claims had been preserved. Holt, 408 F. App'x at 239.

Petitioner has already challenged the procedural and substantive reasonableness of his sentence on appeal.  The Eleventh Circuit held that petitioner's procedural "claim that the court did not consider the various Section 3553(a) factors is . . . without merit."  Holt, 408 F. App'x at 240-41.  The Circuit affirmed that the "record is replete with instances where the district court considered the respective parties' arguments regarding the Section 3553(a) factors, even explicitly stating that it had done so." Id. at 241.  Likewise, the Eleventh Circuit concluded that petitioner's "sentence is substantively reasonable," noting that the Court "was well within its discretion in giving more weight to the guidelines range and the seriousness of Holt's disturbing relevant conduct with respect to MV, which included repeated acts of sexual abuse of a stepdaughter beginning when she was only fourteen years old." Id. Petitioner is barred from now attempting to re-litigate his sentence.

Petitioner asserts that counsel should have attacked the Sentencing Guidelines for child pornography offenses as "ridiculous," and his failure to do so was deficient performance. Petitioner is incorrect.  The severity of petitioner's Sentencing

Guideline range was driven by the seriousness of the crime (production of child pornography) and the relevant conduct in the case.[4] (Cr. Doc. 38 #135 at 81.)  "Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."  United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009).  In similar cases involving the production of child pornography, the Eleventh Circuit has consistently affirmed the reasonableness of prison sentences even longer than petitioner's. See United States v. Blage, 426 F. App'x 829 (11th Cir. 2011) (upholding 720 months for two counts of production); Sarras, 575 F.3d at 1221 (upholding 1,200 months for production and possession); United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009) (upholding 420 months for production and possession); United States v. Tyler, 256 F. App'x 310, 311 (11th Cir. 2007) (upholding 600 months for production, possession and transportation); United States v. Hodnett, 210 F. App'x 949, 951 (11th Cir. 2006) (upholding 360 months for distribution and possession).  At the time of petitioner's trial and sentencing, the Eleventh Circuit had already established that the guidelines for child pornography offenses "do not exhibit the deficiencies the Supreme Court identified in Kimbrough."  United

---

[4] Consequently, petitioner's comparison of his sentence for production and possession of child pornography with sentences imposed exclusively for possession of child pornography compares apples to oranges.

States v. Pugh, 515 F.3d 1179, 1201 n.15 (2008) (dicta); see also United States v. Irey, 612 F.3d 1160, 1203 (11th Cir. 2010); United States v. Wayerski, 624 F.3d 1342 (11th Cir. 2010).  Given the facts of the case, counsel cannot be found ineffective for refusing to launch a broadside on the inherent reasonableness of the child pornography Guidelines.

**C. Eighth Amendment**

Petitioner alleges that a 360 month sentence violated his Eighth Amendment right to freedom from cruel and unusual punishment because it was disproportionate to similarly situated offenders. (Cv. Doc. #2 at 22-30.)  None of the cases cited by petitioner involve offenses and relevant conduct substantially similar to petitioner, and the reasonableness of the sentence has already been upheld.

> "The district court was well within its discretion in giving more weight to the guidelines range and the seriousness of Holt's disturbing relevant conduct with respect to MV, which included repeated acts of sexual abuse of a stepdaughter beginning when she was only fourteen years old. In light of this, the district court's imposition of a 360-month sentence is not outside the range of reasonable sentences. See Pugh, 515 F.3d at 1191; see also United States v. Sarras, 575 F.3d 1191, 1220 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."); United States v. Kapordelis, 569 F.3d 1291, 1303, 1316-19 (11th Cir. 2009) (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month guideline range, for possession, production, and receipt of child pornography)."

Holt, 408 F. App'x. at 241.  As noted above, longer sentences in child

pornography cases have routinely been upheld.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. 38 #144) is **DENIED**.

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(internal quotation marks and citations omitted).   Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of record

- 17 -